UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LAWS, Individually and
DAVID LAWS, as Personal
Representative of the
ESTATE of TONI LAWS, Deceased,

        Plaintiffs,

v.

JAMES R PIERCE, JJTD, LLC,
and SLAYBACKS TRUCKING, INC.

        Defendants.

Case No.: 26 -
Hon.
Mag.

_____

TIM SULOLLI P58798
Goodman Acker, P.C.
Attorneys for Plaintiff
Two Towne Square, Suite 444
Southfield, MI 48076
(248) 483-5000
tsulolli@goodmanacker.com
rbahri@goodmanacker.com

_____

## COMPLAINT

NOW COMES Plaintiff, DAVID LAWS, Individually, and DAVID LAWS, as Personal Representative of the ESTATE OF TONI LAWS, Deceased, by and through counsel, GOODMAN ACKER, P.C., and for this Complaint against Defendants states as follows:

## PARTIES

1.     Plaintiff, DAVID LAWS, is a resident of the City of Fennville, County of Allegan, State of Michigan.

2.     Plaintiff, DAVID LAWS, is the duly appointed personal Representative of

the ESTATE OF TONI LAWS, Deceased.

3.      Defendant, JAMES R. PIERCE, is upon information and belief a resident of the City of Butler, County of Pendleton, State of Kentucky.

4.      Defendant, JJTD, Inc., is a corporation organized and existing under the laws of the Commonwealth of Kentucky, with its principal place of business in Kentucky. Accordingly, for purposes of diversity jurisdiction under 28 U.S.C. § 1332, Defendant is a citizen of Kentucky and may be served through its registered agent, James R. Pierce, at 13 Pleasant Valley Court, Butler, Kentucky 41006.

5.      Defendant, SLAYBACKS TRUCKING, INC., is a corporation organized and existing under the laws of the Commonwealth of Kentucky, with its principal place of business in Kentucky. Accordingly, for purposes of diversity jurisdiction under 28 U.S.C. § 1332, Defendant is a citizen of Kentucky and may be served through its registered agent, Drew Slayback, at 6020 Highway 127 North, New Liberty, Kentucky 40355.

### JURISDICTION AND VENUE

6.      The incident and injury took place in Blendon Township, County of Ottawa, State of Michigan.

7.      This Honorable Court has jurisdiction over this action against Defendants, pursuant to 28 U.S.C. § 1332.

8.      Venue is appropriate in the Western District of Michigan, pursuant to 28 USC §1391(b), as the place wherein a substantial part of the events or omissions giving rise to the claim occurred.

9.      Plaintiffs' damages are in excess of Seventy-Five Thousand ($75,000.00)

2

Dollars, exclusive of attorney fees, interest, and costs.

## COUNT I

### THIRD PARTY CLAIM AGAINST DEFENDANTS

10.    Plaintiffs incorporate by reference each and every paragraph above as if fully stated herein.

11.    That on or about <u>February 17, 2026</u>, Plaintiff, DAVID LAWS, was operating a 2013 GMC Sierra, bearing Michigan license plate number FAY6174, traveling eastbound on Port Sheldon Street, near 72nd Avenue, in the Township of Blendon, County of Ottawa, State of Michigan.

12.    That at all relevant times herein, Plaintiff's Decedent, TONI LAWS, was a front seat passenger in the vehicle being operated by Plaintiff, DAVID LAWS.

13.    That at said time and place, Defendant, JAMES R. PIERCE was operating a tractor and milk trailer, bearing Kentucky license plate number A65394, when he negligently, carelessly, and recklessly disregarded a traffic control device and collided with Plaintiffs' vehicle, causing serious injuries to Plaintiff, DAVID LAWS, and the untimely death of Plaintiff's Decedent, TONI LAWS.

14.    That at said time and place, Defendant, JJTD, LLC, was the owner of the 2004 Peterbilt Tractor, bearing Kentucky license plate number A65394, being operated by Defendant, JAMES R. PIERCE.

15.    That at said time and place, Defendant, SLAYBACKS TRUCKING, INC, was the lessor of the milk trailer being hauled by Defendant, JAMES R. PIERCE.

16.    That at said time and place, Defendant, JAMES R. PIERCE, was operating the tractor and milk trailer in the course and scope of his employment with Defendant,

3

JJTD, LLC, and/or Defendant, SLAYBACKS TRUCKING, INC.  Accordingly, Defendants are vicariously liable under the doctrine of *respondeat superior* for all acts of its employees and/or agents and/or servants (JAMES R. PIERCE) committed within the course and scope of employment with Defendants.

17.    That Defendant, JJTD, LLC, as owner of the 2004 Peterbilt Tractor, is also liable based upon the Owner's Liability Statute, MCL 257.401.

18.    That upon information and belief, Defendant, SLAYBACKS TRUCKING, INC, contracted with Defendant, JJTD, LLC, and/or Defendant, JAMES R. PIERCE, for the delivery of milk/milk product and therefore may be contractually liable due to his negligence in causing the aforesaid collision.

19.    That the sole, direct and proximate cause of the aforesaid collision was due to the negligence of Defendant, JAMES R. PIERCE, in operating said tractor trailer contrary to the Motor Vehicle Act of the State of Michigan, the ordinances of the Township of Blendon and Federal Regulations and violated those duties as outlined below:

   a. in violation of Defendant, JAMES R. PIERCE's, duty to obey the instructions of a traffic control device/signal, Defendant did not do so and failed to yield the right of way to oncoming traffic in violation of MCL 257.649.

   b. in violation of Defendant, JAMES R. PIERCE's, duty to maintain an adequate and sharp lookout, Defendant did not pay heed or proper attention to the road and did not maintain a sharp and adequate lookout.

   c. in violation of Defendant, JAMES R. PIERCE's, duty to travel at the proper and lawful rate of speed, Defendant traveled at an improper, unlawful and excessive rate of speed, which was a speed greater than would permit said individual to control his vehicle in violation of MCL 257.627.

Goodman Acker

4

d. in violation of Defendant, JAMES R. PIERCE's, duty, Defendant operated the vehicle with his vision obscured.

e. in violation of Defendant, JAMES R. PIERCE's, duty to maintain said vehicle with adequate and sufficient brakes, Defendant did not do so and said vehicle was operated without adequate or sufficient brakes or Defendant failed to timely use said brakes with which said vehicle was equipped.

f. in violation of Defendant, JAMES R. PIERCE's, duty, said vehicle was operated in opposition to the Michigan Motor Vehicle Act.

g. Defendant Driver's conduct constituted a moving violation causing death and serious impairment of body function under MCL 257.601d.

h. Defendant Driver's conduct constituted reckless driving causing death and serious impairment of body function under MCL 257.626.

i. in violation of Defendant, JAMES R. PIERCE's, duty, said vehicle may have been operated in opposition to 49 CFR § 392.3 (operating while ill or fatigued).

j. in violation of Defendant, JAMES R. PIERCE's, duty, said vehicle may have been operated in opposition to 49 CFR § 392.80 (texting).

k. in violation of Defendant, JAMES R. PIERCE's, duty, said vehicle may have been operated in opposition to 49 CFR § 392.82 (hand-held phone use).

l. in violation of Defendant, JAMES R. PIERCE's, duty, said vehicle may have been operated in opposition to 49 CFR § 395.3 (maximum driving time).

m. in violation of Defendant, JAMES R. PIERCE's, duty, said vehicle was operated in opposition to 49 CFR § 392.2 (operating in accordance with the laws and ordinances of the jurisdiction where the vehicle is being driven); and

n. any other acts of negligence as may become known to Plaintiffs before trial.

20. That Defendant, JJTD, LLC, and/or Defendant, SLAYBACKS TRUCKING, INC, owed Plaintiffs the duty of due care and compliance with the statutes of the State of Michigan, the ordinances of the Township of Blendon, and Federal Regulations, and that

Goodman Acker

they violated those duties, and those said violations consisted of, but were not limited to, the following acts of negligence on the part of Defendants by:

    a. Failing to train, supervise, instruct and control a safe, competent driver for the use of said vehicle.

    b. Negligently permitting said vehicle to be operated in an unsafe manner including violations of the aforesaid MCLs as set forth herein.

    c. Negligently hiring Defendant Driver.

    d. Failing to properly maintain said tractor trailer.

    e. Negligently permitting and/or requiring Defendant Driver to operate beyond the allowable hours and failing to maintain and monitor accurate records of duty status in violation of 49 CFR Part 395, including but not limited to § 395.3.

    f. Negligently entrusting the operation of said tractor trailer to a person who was at the time of the collision, incompetent and unfit to operate said vehicle by reason of inability, inexperience, negligence or other incapacity, all of which was, or should have been known to Defendants through the exercise of due care and reasonable diligence;

    g. Failing to prevent the operation of the tractor trailer in violation of Michigan traffic laws, including but not limited to MCL 257.649, thereby violating 49 CFR § 392.2 and failing to exercise the degree of care required of a motor carrier engaged in interstate commerce.

    h. failing to properly qualify, investigate, and monitor Defendant Driver prior to entrustment of a commercial motor vehicle in violation of 49 CFR Part 391, including but not limited to §§ 391.11, 391.21, and 391.23; and

    i. Did commit and omit other acts of negligence as may become known to Plaintiff during discovery.

21. That Plaintiff, DAVID LAWS, did not cause or contribute to the cause of the collision in any way and, therefore, was not comparatively negligent.

22. That Plaintiff's Decedent, TONI LAWS, did not cause or contribute to the cause of the collision in any way and, therefore, was not comparatively negligent.

23.     That as a direct and proximate result of the negligence of Defendants, Plaintiff, DAVID LAWS, sustained serious, permanent, and progressive bodily injuries and permanent serious disfigurement, including but not limited to:

   a. Subarachnoid Hemorrhage.

   b. Traumatic Brain Injury.

   c. Multiple fractured ribs bilaterally, with hemopneumothorax on the right with subsequent chest tube.

   d. Ligamentous injury of the cervical spine from C4-C6.

   e. Hepatic lacerations.

   f. Splenic lacerations.

   g. Fractured left mandible.

   h. Glass and shrapnel in eyes resulting in retinal disorders.

   i. Permanent scarring and disfigurement.

   j. Shock, fright, and great mental anguish.

   k. Pain and suffering.

   l. Emotional distress, humiliation, and mortification.

   m. Denial of social pleasures.

   n. Disability and physical limitations, including confinement in a rehabilitation and/or nursing facility.

   o. Serious impairment of body function and permanent serious disfigurement pursuant to MCL 500.3135; and

   p. Any other condition which may not have manifested at this time, but which may become known to Plaintiffs before Trial.

24.     That as a direct and proximate result of the negligence of Defendants, Plaintiff's Decedent, TONI LAWS, sustained serious, permanent, and progressive bodily

7

injuries resulting in conscious pain and suffering and eventually her untimely death.

25. That as a further direct and proximate result of the acts of negligence and/or omissions of Defendants, Plaintiffs are and will be unable to participate in those activities which a normal, healthy individual in the same or similar circumstances could have participated, but for the injuries sustained in the collision described herein.

26. That in the event Plaintiffs were suffering from any pre-existing medical or emotional conditions, Plaintiffs allege that these conditions were aggravated, exacerbated, and/or accelerated as a proximate result of the aforementioned collision and the negligence described herein.

WHEREFORE, Plaintiff, DAVID LAWS, Individually, and DAVID LAWS, as Personal Representative of the ESTATE OF TONI LAWS, respectfully requests an Order for judgment against Defendants for whatever amount exceeding Seventy-Five Thousand ($75,000.00) Dollars, which they are found to be entitled as determined by the tier of fact, to fairly, adequately and fully compensate them for the injuries, damages, and losses sustained together with interest, costs and attorney fees so wrongfully sustained.

## COUNT II

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiffs incorporate by reference each and every paragraph above as if fully stated herein.

28. On February 17, 2026, Plaintiff, DAVID LAWS, was in a vehicle with Plaintiff's decedent, TONI LAWS (wife), when Defendant, JAMES R. PIERCE, disregarded a traffic signal and slammed into Plaintiff's vehicle at high rate of speed.

8

29.     Plaintiff, DAVID LAWS, saw his wife, TONI LAWS, become unresponsive due to her catastrophic and ultimately fatal injuries due to the severe nature of the motor vehicle collision.

30.     Defendants' negligence proximately caused the fatal injuries to Plaintiff's decedent, TONI LAWS.

31.     Due to Defendants' negligence, Plaintiff, DAVID LAWS, witnessed the injuries and the ultimate demise of his wife and could not do anything to help as the collision was the sole cause of his wife's injuries and death.

32.     The events described above would naturally and probably result in emotional distress.

33.     The events described above caused severe emotional distress to Plaintiff, DAVID LAWS.

34.     The emotional distress suffered by Plaintiff, DAVID LAWS, physically manifested itself in symptoms including, but not limited to:

    a.  Sleeplessness.

    b.  Nightmares.

    c.  Depression.

    d.  Anxiety.

    e.  Crying spells.

    f.  Decreased activity.

    g.  Poor concentration.

    h.  Loneliness; and

    i.  Such other injuries and physical manifestations as may appear during the course of discovery and trial in this matter.

9

WHEREFORE, Plaintiff, DAVID LAWS, respectfully requests an Order for judgment against Defendants for whatever amount exceeding Seventy-Five Thousand ($75,000.00) Dollars, which they are found to be entitled as determined by the tier of fact, to fairly, adequately and fully compensate them for the injuries, damages, and losses sustained together with interest, costs and attorney fees so wrongfully sustained.

## COUNT III

## LOSS OF CONSORTIUM

35.  Plaintiffs incorporate by reference each and every paragraph above as if fully stated herein.

36.  As a direct and proximate result of Defendants' negligence and statutory violations, Toni Laws sustained catastrophic injuries in the February 17, 2026 collision with Defendants' tractor-trailer, which injuries ultimately caused her death.

37.  At all relevant times, David Laws was the lawful husband of Toni Laws, and they shared a close, loving, and devoted marital relationship.

38.  As a direct and proximate result of Toni Laws' wrongful death, David Laws has suffered, and will continue to suffer, the permanent loss of his wife's love, affection, companionship, society, comfort, guidance, care, assistance, services, consortium, and all of the benefits inherent in the marital relationship.

39.  David Laws has further sustained mental anguish, grief, sorrow, and the permanent deprivation of the companionship and society of his wife, together with such other damages recoverable under Michigan's Wrongful Death Act.

40.  Pursuant to MCL 600.2922, Plaintiff, as Personal Representative of the Estate of Toni Laws, seeks recovery of all damages that are fair and equitable under the

circumstances on behalf of David Laws, including, but not limited to, damages for the loss of society and companionship, loss of services, loss of financial support, where applicable, and all other damages authorized by Michigan law.

WHEREFORE, Plaintiff, DAVID LAWS, Individually, and DAVID LAWS, as Personal Representative of the ESTATE OF TONI LAWS, respectfully requests an Order for judgment against Defendants for whatever amount exceeding Seventy-Five Thousand ($75,000.00) Dollars, which they are found to be entitled as determined by the tier of fact, to fairly, adequately and fully compensate them for the injuries, damages, and losses sustained together with interest, costs and attorney fees so wrongfully sustained.

Respectfully submitted,

**GOODMAN ACKER, P.C.**

/s/ Tim Sulolli
TIM SULOLLI P58798
RONITA BAHRI P79214
Goodman Acker, P.C.
Attorneys for Plaintiff
Two Towne Square, Suite 444
Southfield, Michigan 48076
(248) 483-5000
tsulolli@goodmanacker.com
rbahri@goodmanacker.com

Dated:  July 21, 2025